IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:02-CR-156-1H
No. 5:16-CV-307-H

JOSEPH A. MANN,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's motion to vacate under 28 U.S.C. § 2255, [DE #67], and motion for extension of time to file supplemental briefing, [DE #75].

## BACKGROUND

On October 8, 2002, petitioner was found guilty by jury verdict of interference with interstate commerce by means of robbery, in violation of 18 U.S.C. § 1951 (Count Three) and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four). Petitioner was sentenced by this court to a total term of imprisonment of 510 months on February 19, 2003. Petitioner filed a notice of appeal, [DE #47], and the Fourth Circuit affirmed defendant's conviction and sentence. [DE #51].

Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, [DE #53], which was dismissed without prejudice and petitioner was allowed to seek authorization to file the petition in the Eastern District of North Carolina. [DE #60 and #61]. Petitioner obtained permission from the Fourth Circuit to file a successive § 2255 motion. [DE #65]. On June 1, 2016, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, [DE #67], arguing that Hobbs Act Robbery, in violation of 18 U.S.C. § 1951, no longer qualifies as a crime of violence to support his conviction under 18 U.S.C. § 924(c) in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).[1]

## COURT'S DISCUSSION

The Supreme Court recently invalidated the residual clause of the crime of violence definition under 18 U.S.C. § 924(c)(3)(B). United States v. Davis, 139 S. Ct. 2319, 2323-24 (2019). The precise question remaining before the court is whether Hobbs Act Robbery is a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A). The Fourth Circuit has recently decided this

---

[1] In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii) ("Armed Career Criminal Act" or "ACCA"). Johnson, 135 S. Ct. at 2557. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review. The court notes petitioner timely filed his motion to vacate within one year of Johnson. 28 U.S.C. § 2255(f)(3). However, Johnson does not afford relief to petitioner as he was not sentenced under the ACCA.

issue. United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) ("Accordingly, we conclude that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c).") (citing United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018); United States v. Hill, 890 F.3d 51, 60 (2d Cir. 2018); United States v. Rivera, 847 F.3d 847, 849 (7th Cir. 2017); In re Fleur, 824 F.3d 1337, 1340-41 (11th Cir. 2016)).

Therefore, in light of Mathis, defendant's claim is without merit.

## CONCLUSION

For the foregoing reasons, petitioner's motion, [DE #67], is DENIED.  Petitioner's motion to extend time to file supplemental briefing, [DE #75], is DENIED AS MOOT.  The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).  A reasonable jurist would not find this

court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This _12_<sup>st</sup> day of September 2019.

_____
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#35