IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:02-CR-156-1H

UNITED STATES OF AMERICA,    )
                                   )
                                   )
                                   )
    v.                           )
                                   )      **ORDER**
                                   )
JOSEPH MANN,                 )
                                   )
    Defendant.            )
                                   )

This matter is before the court on defendant's motion for compassionate release [DE #82]. Defendant, through counsel, has filed a sealed memorandum in support of his motion [DE #92]. The government has responded in opposition in a sealed response [DE #96]. The court is also in receipt of several letters from family and friends of defendant in support of his motion [DE #87, #88, #89, #90] This matter is ripe for adjudication.

### BACKGROUND

Defendant moves for compassionate release based on the COVID-19 pandemic, his underlying health conditions, and the fact that he would not be a career offender if sentenced today.

On October 8, 2002, defendant was convicted by a jury of one count of Hobbs Act robbery (Count Three) and one count of

brandishing a firearm in furtherance of a crime of violence (Count Four). The jury found defendant not guilty of Counts One and Two. On February 19, 2003, the undersigned sentenced defendant to a total term of imprisonment of 510 months, 210 months on Count Three and the required mandatory minimum sentence of 300 months consecutive on Count Four.

Defendant is now 52 years old and is serving his sentence at the Federal Correctional Institute at Edgefield in South Carolina. He has been in continuous custody since May 28, 2002. He has served over 223 months of actual time, and his projected release date is December 16, 2041. Upon release, defendant plans to reside with his father in Virginia and help him manage his farm.

## COURT'S DISCUSSION

Defendant seeks a reduction in his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment. . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered. . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

3

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (alteration in original) (citation omitted). The court will also consider post-sentencing conduct, including evidence of rehabilitation. United States v. Nabaya, 2021 WL 54361, at * 3 (E.D.Va. Jan. 6, 2021).

The government agrees that defendant has met the exhaustion requirement. The court can consider defendant's motion because "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i).

Further, the government does not challenge that defendant suffers from obesity, which puts him at increased risk for complications of COVID-19. Defendant reports currently weighing approximately 250 pounds at 5'10" tall. According to the CDC's Body Mass Index Calculator, defendant's BMI is 35.9, which is obese.

At his sentencing in 2003, defendant was considered a career offender. Today, he would not be a career offender and the guidelines would be advisory, not mandatory. His mandatory guideline range was 210 to 240 months on Count Three followed by a statutorily mandated 300-month sentence on Count Four. Today,

4

defendant contends his advisory guideline range on Count Three would be 92 to 115 months. Count Four would remain 300 months consecutive, however the guidelines would be advisory. See Dean v. United States, 137 S.Ct. 1170 (2017)(court may consider lengthy mandatory minimum sentence in 924(c) when considering an appropriate sentence for the predicate count.) Defendant contends the court should consider this dramatic disparity between the sentence he faced in the early 2000s and the sentence he would face today as an "extraordinary and compelling reason" for compassionate release. See United States v. McCoy, 981 F.3d 271 (4th Cir. 2020) (district court may consider "any extraordinary and compelling reason for release that a defendant might raise."). The court finds that under the unique circumstances of this case, in which there is a dramatic disparity between his mandatory guideline sentencing range and the advisory sentencing range were he sentenced now, defendant has shown an "extraordinary and compelling reason" for release.

However, this finding does not end the inquiry. The court must assess the 3553(a) factors as well as defendant's post sentencing conduct and rehabilitation. Turning to the 3553(a) factors and defendant's post sentencing conduct, defendant has been in custody continually since May 28, 2002. He was also sentenced to a fifty-month sentence for a supervised release revocation in the Western District of Virginia, which was ordered

5

to be served consecutively to any sentence this court imposed (See 4:93-cr-70173-1, W.D. Va.). He has served more than 224 months of actual time on this 510-month sentence, which defendant contends is the equivalent of a 258-month sentence after factoring in good-time credit.

Defendant has worked consistently and made steady payments on his court indebtedness through the Inmate Financial Responsibility Program. He currently works as a morning orderly at FCI Edgefield. Previously, he has worked as a cook and in food service, in HVAC, in UNICOR, and in the woodshop. He informs his counsel he particularly enjoys working in the woodshop, making furniture. He has taken multiple classes while in BOP.

Defendant contends the biggest change in his life has been pursuing spiritual growth through the Prison Fellowship and his participation in the KIROS program, a faith-based program that he credits with changing his life. Defendant chose to be baptized in 2007, and he has earned certificates for completing Christian Basics I and II. He notes that these classes have helped him realize how selfish he was, and how his actions jeopardized other people.

Defendant has become certified as a mental health companion, a program in the BOP where inmates are trained to provide assistance and support to inmates with mental illness under the direction of the Psychology Services Department.

Defendant does have four incident reports, the most serious and recent being assault of another inmate in 2016 and fighting in 2012.

If released, defendant plans to reside with his father on his 80-acre farm in Virginia, where they grow watermelon and potatoes. Defendant would help his elderly father manage the farm.

The government contends defendant would pose a danger to public safety if released and the motion should be denied on this basis alone, as a jury found defendant guilty of robbery of a business in which he brandished a firearm, tied victims up in a bathroom, and stole cash. Defendant additionally led officers on a high-speed vehicle chase. At the time of the offense, defendant was on supervised release for drug distribution and 924(c) convictions from the Western District of Virginia, which resulted in the 50-month consecutive sentence noted above.

Finally, the government points to defendant's discipline infractions, which are a bit concerning to the court, although he has not had any infractions in the last few years. Additionally, the government correctly points out that defendant's pro se motion noted that he had been "incarcerated for over 17 years for a crime he did not commit."

However, defendant has been in continuous custody since 2002, 20 years next month. While this is not the full sentence he received back in 2003, it is still a lengthy prison sentence.

7

Additionally, he was sentenced under the mandatory guidelines regime, which gave this court no discretion to fashion a sentence tailored to the individual. He is two decades older, hopefully wiser, and has made great strides toward rehabilitation. He is more than 50 years old now, and he has time to still become a productive citizen.

Given all these factors a sentence of time served is sufficient, but not greater than necessary, to meet the goals of sentencing.

The court finds that defendant has exhausted his administrative remedies, has presented extraordinary and compelling reasons justifying his release, and that the 3553(a) factors and his post sentencing conduct weigh in favor of release. In conclusion, the court finds that when the record in this matter is viewed as a whole, Mr. Mann has met his burden for compassionate release under 18 U.S.C. § 3582.

## CONCLUSION

Pursuant to 18 U.S.C. § 3582(c)(1)(A), defendant's motion for compassionate release is GRANTED. Defendant's sentence of

imprisonment as reflected in the judgment dated February 19,2003 is REDUCED to time served.

This 20th day of May 2021.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26